# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MASON LOCKLEAR, and STATE OF GEORGIA, *ex. rel.* MASON LOCKLEAR, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV617-139 |
| MEDIXX TRANSPORT, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

Relator Mason Locklear filed this False Claims Act (the "FCA"), 31 U.S.C. §§ 3729, *et seq.*, case against his former employer Medixx Transport, LLC. *See* doc. 4 (Complaint). Pursuant to the provisions of the FCA, it was filed *in camera* and under seal. Doc. 3. The United States and the State of Georgia investigated Locklear's allegations and declined to intervene in the action. Doc. 9. Locklear voluntarily dismissed the case, but he seeks to maintain the seal or, alternatively, preserve his anonymity. Doc. 10 (Motion to Maintain Seal); doc. 11 (Notice of Voluntary Dismissal). The Government and the State move to lift the seal. Doc. 12.

Locklear argues that this now-defunct action should remain sealed in order to protect the unserved defendant, Medixx Transport, LLC, from negative publicity that may result from the public disclosure of allegations to which it has not had an opportunity to respond, and to protect him from any impact his filing of this action might have on his future employment prospects. *See* doc. 10 at 2-3. The Government and the State argue that none of Locklear's arguments overcome the strong presumption in favor of public access to judicial records. Doc. 12 at 2-4. The Government and the State are right.

There is a strong presumption that judicial records shall be open to public scrutiny. *See, e.g., Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1245 (11th Cir. 2007); *Freedom from Religion Foundation, Inc. v. Emanuel County School System*, 109 F. Supp. 1353, 1356 (S.D. Ga. 2015) ("'Lawsuits are public events,' and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes." (cites omitted). As other courts have explained, "the FCA clearly contemplates that the complaint be unsealed once the government has decided whether to intervene," although it does not expressly address whether other documents should be unsealed. *United*

*States, ex rel. Yannacopolous v. General Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *see United States ex rel. Herrera v, Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784-85 (E.D. Mich. 2008) ("the [Act's] imposition of a 60-day time period for sealing *qui tam* complaints reflects Congress' desire to have the seal lifted after the Government conducts its initial investigation and decides whether to intervene." (citation omitted)); *United States v. Aurora Diagnostics, Inc.*, 2017 WL 8781118 at * 2 (S.D. Fla. Aug. 30, 2017) (explaining that the Act does not "provide for the record to remain under seal indefinitely; it only specifies that pleadings will be kept under seal during the time in which the United States makes its decision." (quotes and cite omitted)); *United States v. Sunovion Pharmaceuticals, Inc.*, 2016 WL 6071737 at * 1 (M.D. Fla. Oct. 17, 2016) ("In the absence of a privileged trade secret or matter of national security being discussed in a qui tam complaint, qui tam complaints should be *automatically* unsealed when the Government declines to intervene." (emphasis added)). Locklear's argument to maintain the seal on this action permanently does not address that basic point.

Locklear's alternative argument,[1] that he be allowed to file a redacted version of the operative Complaint protecting his identity, is similarly flawed. *See* doc. 10 at 15. As the Government points out, allowing Locklear to do so would amount to granting him the privilege of pursuing this case anonymously. Doc. 12 at 5. Such a privilege is not automatically granted to plaintiffs, and there is nothing about *qui tam* plaintiffs that distinguishes them. *See, e.g., Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("it is the exceptional case in which a plaintiff may proceed under a fictitious name."); *see also Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 ("In some exceptional cases, the public interest in knowing the identity of all the parties must yield to a

---

[1] Locklear's argument that the pleadings should be sealed despite the public concern with their content because "the public cannot assess the reliability of the allegations because Medixx will never be given an opportunity to respond . . . ," doc. 10 at 6, is notable only in its deficiency. The Amended Complaint includes factually specific "observations of Medixx's [alleged] fraudulent behavior . . . ." Doc. 5 at 18, ¶ 54. Locklear doesn't dispute that such allegations are a matter of public concern. *See* doc. 10 at 6. However, he is concerned with the inferences the public might draw, absent a more thorough judicial disposition. *Id* at 6-7. Such concerns are present in every case where the public is provided access to information, but it is fundamental to our system of government that the public be provided with information and allowed to draw its own inferences, even if it draws the wrong ones. Courts have roundly rejected arguments functionally identical to those Locklear raises here. *See Grover*, 4 F. Supp. 3d at 26-27 (finding that *qui tam* plaintiff had no strong property or privacy interests in permanent maintenance of the seal), 26 n. 2 (noting that the Court afforded no weight to a relator's assertion of defendants' privacy interest, for relator "has no standing to raise them," and further finding such concerns "disingenuous" because "[t]he Relator filed this action and made the allegations in the Complaint with the expectation of proceeding towards trial and the pleadings eventually being unsealed").

policy of protecting privacy *in a very private matter*." (emphasis added) (quotes and cite omitted); *United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 29 (D.D.C. 2013) (declining to allow redaction of *qui tam* plaintiff's identity because, among other reasons, "redacting the Complaint before it is unsealed would permit relators to assume all of the advantages of brining an FCA claim without bearing any of the risks."); *Herrera,* 665 F. Supp. 2d at 786 (rejecting *qui tam* plaintiff's alternative request to redact her name from unsealed pleadings). The *Hererra* court specifically found that a plaintiff's fear of economic consequences from filing suit were not sufficient to overcome the presumption of publicity. *See* 665 F. Supp. 2d at 785-86. Lockear's concerns appear identical to those rejected in *Herrera*. *See Grover*, 4 F. Supp. 3d at 26 (explaining that public interest is implicated even in dismissed *qui tam* action because "the Relator purported to be bringing a claim on behalf of and in the interest of the public; the fact that the Relator, himself, is abandoning the litigation does not lessen or change the public's interest in hearing allegations that the Government was defrauded").

The Government, although it supports lifting the seal on the Locklear's pleadings, seeks to maintain the seal on its own pleadings "as [the] information [they contain] was provided *in camera* for the limited purpose of demonstrating to the Court that good cause existed to extend the seal and period during which the Government could notify the Court of its decision on intervention." Doc. 12 at 1. Unlike a relator's filings, "documents filed by the Government that reveal its process of investigating *qui tam* cases, such as requests for extensions of time to intervene, may remain under seal indefinitely." *Aurora Diagnostics, Inc.*, 2017 WL 8781118 at * 2 (citations omitted). A review of the Government's pleadings supports its contention that those documents should remain under seal.

Accordingly, the Government and State's joint motion to lift the seal on the Complaint is **GRANTED**. Doc. 12. Their motion to maintain the seal on documents filed by the Government is also **GRANTED**. *Id*. The Government and State's previous motion to partially lift the seal is **DENIED** as moot. Doc. 8. Relator's motion to maintain the seal, or, in the alternative, redact his identity, is **DENIED**. Doc. 10. The Clerk is, therefore, **DIRECTED** as follows:

1. The Relator's Complaint (doc. 4), Amended Complaint (doc. 5), the Notice of Election to Decline Intervention (doc. 9), Locklear's Motion to Maintain the Seal (doc. 10), the Government and State's Motion to Lift Seal (doc. 12), and this Order are to be unsealed;

2. All other documents filed by the Government and any orders thereon shall remain under seal unless further ordered by the Court;

3. The seal shall be lifted as to all other matters occurring in this action, if any, after the date of this Order;

4. The parties shall serve any and all pleadings and motions filed in this action, including supporting memoranda, upon the Government as provided in 31 U.S.C. § 3730 and O.C.G.A. § 49-4-168.2. The Government may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

5. The parties shall serve all notices of appeal upon the Government;

6. All orders of this Court shall be sent to the Government; and

7. Should the Relator or Defendant propose that this action be dismissed, settled, or otherwise discontinued -- except by voluntary dismissal without prejudice by the relator, which the Government and State have consented to -- the Court will solicit the written consent of the Government and State before ruling or granting its approval.

**SO ORDERED,** this 13th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA